IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 16 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 06-cv-00355-BNB

JOHN ERIC SANDLES,

    Applicant,

v.

WARDEN RIOS,

    Respondent.

---

ORDER CONSTRUING ACTION AS A PRISONER COMPLAINT AND DIRECTING APPLICANT TO FILE A COMPLAINT AND A PRISONER'S MOTION AND AFFIDAVIT FOR LEAVE TO PROCEED PURSUANT TO 28 U.S.C. § 1915

---

Applicant John Eric Sandles is in the custody of the United States Bureau of Prisons at FCI Florence. Mr. Sandles has filed a **pro se** Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.

The Court has reviewed the Application and finds that Mr. Sandles is asserting civil rights claims rather than habeas corpus claims. Mr. Sandles complains that he is being held at the BOP prison facility in Colorado in violation of his Fifth and Eighth Amendment rights. Plaintiff asserts that Defendants are denying him proper psychological and medical treatment and that they improperly classified him. Applicant seeks a transfer to a BOP prison facility in a different state.

"The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." **See Preiser v. Rodriguez**, 411 U.S. 475, 484 (1973). Generally,

a federal prisoner's challenge to his conditions of confinement is cognizable under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *See, e.g., Richards v. Bellmon*, 941 F.2d 1015, 1018 (10th Cir. 1991). Furthermore, medical mistreatment is not cognizable in a federal habeas corpus action. *See United States v. Sisneros*, 599 F.2d 946, 947 (10th Cir. 1979).

Mr. Sandles will be ordered to complete a Prisoner Complaint form and to submit the completed form to the Court if he wishes to pursue his claims. Mr. Sandles must allege, simply and concisely, the specific claims for relief he is asserting and against whom those claims are asserted. Mr. Sandles also will be required to submit to the Court a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, as opposed to the Motion and Affidavit submitted previously that is used when filing a § 2241 application.

Plaintiff should note that 42 U.S.C. § 1997e(a) "imposes a pleading requirement on the prisoner." *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1209 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Plaintiff must "either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211. Plaintiff is a prisoner confined in a correctional facility. The claims he asserts relate to prison conditions. Therefore, he must exhaust the available administrative remedies.

The BOP administrative remedy program allows inmates to "seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10. To exhaust administrative remedies, a federal prisoner must attempt to resolve the matter informally and then complete all three formal steps by filing an administrative remedy

2

request with institution staff as well as regional and national appeals. See 28 C.F.R. § 542.13-15.

The Court also notes that the claims asserted in the instant action appear to be repetitive of the claims Plaintiff asserts in Case No. 06-cv-00182-BNB. To the extent the claims are repetitive they may be subject to dismissal as frivolous and malicious. Accordingly, it is

ORDERED that the action is construed as a civil complaint filed pursuant to **Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics**, 403 U.S. 388 (1971), as opposed to a habeas corpus action filed pursuant to 28 U.S.C. § 2241. It is

FURTHER ORDERED that the Clerk of the Court shall modify the Docket in the instant filing to reflect the proper nature of the action. It is

FURTHER ORDERED that Mr. Sandles shall complete and file with the Court a Prisoner Complaint form **within thirty (30) days from the date of this Order**. It is

FURTHER ORDERED that Mr. Sandles shall complete and file with the Court a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 or in the alternative pay the filing fee within **thirty days from the date of this Order**. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Sandles two copies of the following forms: Prisoner Complaint and Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. It is

FURTHER ORDERED that if Mr. Sandles fails to complete and file with the Court a Prisoner Complaint and the Motion and Affidavit **within thirty (30) days from the date of this Order**, the action will be dismissed without prejudice and without further

3

notice. It is

FURTHER ORDERED that the Court will not review the merits of the Prisoner Complaint until Mr. Sandles has filed the Prisoner Complaint and the Motion and Affidavit.

DATED March 16, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00355-BNB

John Eric Sandles
Reg. No. 22367-086
FCI – Florence
PO Box 6000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. §1915 and a Prisoner Complaint** to the above-named individuals on __3-16-06__

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk